UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANIE MARIE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-cv-00166-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 14. The motions were heard without oral argument. Plaintiff is represented by Michael G. Thompson, and Defendant is represented by Assistant United States Attorney Timothy M. Durkin and Special Assistant United States Attorney Justin L. Martin. For the reasons set forth below, the Court **denies** Plaintiff's motion, and **grants** Defendant's motion.

**Jurisdiction**

On August 17, 2012, Plaintiff filed an application for disability insurance benefits. Plaintiff alleged an onset date of January 7, 2008. Plaintiff, with the advice of counsel, amended her alleged disability onset date to February 1, 2011.

//

//

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 1

Plaintiff's application was denied initially on October 2, 2012, and on reconsideration on February 14, 2013. On September 4, 2014, Plaintiff appeared and testified at a hearing held in Spokane, Washington before Administrative Law Judge (ALJ) Marie Palachuk. The ALJ issued a decision on November 4, 2014, finding that Plaintiff was not disabled as defined by the Social Security Act. Plaintiff timely requested review by the Appeals Council, which denied the request on March 30, 2016. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 23, 2016. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER DENYING PLAINTIFF'S MOTION . . .** ~ 2

substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant can perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id.* At step

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 3

five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the ALJ. *Batson v.Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**Statement of Facts**

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was fifty-seven years old. Plaintiff is married and does not have any children under the age of eighteen. She lives in a

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 4

home with her husband of over thirty-three years, has a high school education, and can read. Plaintiff owned and managed a business before closing it. Following that, she worked as a census taker, assistant manager, and bookkeeper.

While working as an assistant manager Plaintiff injured her left shoulder. The injury, cumulative in nature, occurred on the job while loading fifty-pound feed sacks on January 7, 2008. Following the injury, Plaintiff had three surgeries on her left shoulder. Eugene Pontecorvo, D.O., orthopedic surgeon and Plaintiff's treating physician, performed all three left shoulder surgeries on Plaintiff, the last of which was conducted in 2010.

On September 9, 2012, Plaintiff made the following representations, among others, in a Social Security Administration Function Report: (1) Plaintiff is right hand dominant; (2) Plaintiff is in pain due to her left shoulder injury; (3) Plaintiff's pain partially inhibits her ability to perform household chores; (4) Plaintiff's pain partially inhibits her ability to perform workplace duties; (5) Plaintiff's pain limits her to approximately nine holes of golf rather than eighteen; (6) Plaintiff is able to garden and perform outdoor tasks such as raking, shoveling, and harvesting; (7) Plaintiff is able to prepare basic meals and groom without assistance, daily; (8) Plaintiff is able to socialize weekly with friends; (9) Plaintiff is able to pay bills; (10) Plaintiff hired house cleaners to help with household chores. Tr. 196-202. At the hearing, Plaintiff testified that she experiences pain in her neck, headaches, dizziness, and numbness in both hands. Tr. 196-203. She has also been taking antidepressants for several years. Tr. 55

Treatment notes from Dr. Pontecorvo dated June and August 2012 indicate that Plaintiff had some difficulty completing daily activities and problems sleeping, but her "situation [was] stable," as she maintained full range of motion, full muscle strength, and was swimming and exercising. Tr. 16, 358-59. Three months later, in November 2012, Dr. Pontecorvo again noted that Plaintiff was swimming and exercising and gaining range of motion "as we speak." Tr. 16, 497.

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 5

## The ALJ's Findings

At step one, the ALJ found Plaintiff has maintained continuous part-time work since February 1, 2011 but this work activity did not rise to the level of substantial gainful employment. Tr. 13. Plaintiff had yearly earnings of between $5,000 and $6,000 except in 2012 when she earned $6,883 and her quarterly earnings for the years 2011, 2012, and 2013 have remained below $1,900. She testified that she works as a book keeper three days per week, three hours per day.

At step two, the ALJ found Plaintiff has the following severe impairments: left shoulder impingement syndrome, osteoarthritis of the left shoulder AC joint, left elbow tendinopathy, and degenerative disc disease of the cervical spine. Tr. 13-14. Plaintiff's major depressive disorder and anxiety order were not found to be severe Tr. 14.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. Tr. 14-15.

> The ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) except she can only occasionally push/pull and/or reach overhead with the left upper extremity. However, she can reach in all other directions frequently. She is precluded from working at unprotected heights such as with ropes, ladders, and scaffolding. She must avoid concentrated exposure to vibration and other hazards such as dangerous moving machinery/equipment.

Tr. 15. At step four, the ALJ found that Plaintiff can perform past relevant work as a survey worker/enumerator and manager trainee/assistant manager. Tr. 19.

In the alternative, at step five, the ALJ found Plaintiff was not disabled on the basis that she could perform other work which exists in significant numbers in the national economy, including positions such as hotel desk clerk. Tr. 21.

## Issues for Review

1. Whether the ALJ properly evaluated Plaintiff's credibility.

//

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 6

2. Whether the ALJ properly evaluated the medical opinion evidence of (a) Malcolm Brahms, M.D., and (b) Jay Schmauch, D.O.
3. Whether the ALJ properly determined Plaintiff's RFC.

**Discussion**

*1. Whether the ALJ properly evaluated Plaintiff's credibility.*

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 7

SSR 16-3P, 2016 WL 1119029.

Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict his or her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))

The ALJ found Plaintiff only partially credible. In the opinion, the ALJ found that (1) Plaintiff's symptoms were not as significant as alleged; (2) Plaintiff's daily activities demonstrated she was more capable than alleged; (3) Plaintiff continues to work as a bookkeeper on a part-time basis despite her complaints of disabling limitations; and (4) Plaintiff's subjective complaints were inconsistent with findings by doctors.

The ALJ's reasons to discredit Plaintiff's testimony meet the specific, clear, and convincing standard for the following reasons. First, the ALJ reasonably found that Plaintiff's symptoms were not as significant as alleged. Tr. 19. For example, physical examinations and diagnostic imaging indicated that Plaintiff's "situation [was] stable," as she maintained nearly full range of motion and had full muscle strength. Tr. 16, 18, 358-59. The objective medical evidence, or lack thereof, is an important factor to consider in determining credibility. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (upholding credibility finding where ALJ found that claimant's "statements at her hearing do not comport with objective evidence in her medical record").

Second, the ALJ reasonably found that Plaintiff's daily activities demonstrated she was more capable than alleged. Tr. 19. Daily activities that are inconsistent with a claimant's alleged symptoms are relevant to the ALJ's symptom evaluation. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Even where daily activities "suggest some difficulty functioning, they may be

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 8

grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. The Ninth Circuit has "warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). Recognizing that claimants should not be penalized for attempting to lead their normal lives, "only if Plaintiff's level of activity is inconsistent with his claimed limitations would these activities have any bearing on his credibility." *Id.*

Here, Plaintiff reported that before her surgeries she could do eighteen holes of golf, but after her surgeries she could "hardly do nine" holes of golf. Tr. 200. Even the act of attempting to play a round of golf, let alone nearly reaching nine holes, is dubiously inconsistent with a debilitating shoulder disability. Also, her treatment notes indicate that she engages in strenuous physical activities such as swimming and lifting weights, despite her claims of disabling problems with her upper extremity. Tr. 19, 359, 497. Plaintiff's counsel rebutted by pointing out that Dr. Pontecorvo's notes indicated that "she really got some burn" by engaging in the above-mentioned activities—this does not, however, imply that she was incapable of doing them. Tr. 359. Accordingly, the ALJ reasonably concluded that Plaintiff's activities of daily living were inconsistent with her allegations of disabling limitations. Tr. 19.

Third, the ALJ noted that Plaintiff continues to work as a bookkeeper on a part-time basis despite her complaints of disabling limitations. Tr. 13, 19, 162-67. A claimant's subjective allegations may be discredited by evidence of employment regardless of whether it rose to the level of substantial gainful activity. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). It

**ORDER DENYING PLAINTIFF'S MOTION . . .** ~ 9

was reasonable for the ALJ to conclude that Plaintiff's ability to perform some work activities after her alleged onset date suggests that her impairments are not as significant as alleged. Tr. 19.

Fourth, the ALJ determined that Plaintiff's subjective complaints were inconsistent with the findings by doctors regarding her workers' compensation claims before the Washington State Department of Labor and Industries. Tr. 19. The Department concluded that Plaintiff had a fifteen to twenty percent permanent partial disability rating. Tr. 306-50, 480-93. Plaintiff disputes the propriety of this finding. However, Social Security regulations determine that "disability or blindness determination [is] based on social security law." Consequently, determinations made by other agencies are not binding. 20 C.F.R. § 404.1504, 416.904. Nonetheless, it was appropriate for the ALJ to consider this finding, as it is consistent with substantial evidence in the record. Thus, Plaintiff's claim that the ALJ failed to appreciate the distinctions between permanent total disability and permanent partial disability is inconsequential.

Accordingly, the ALJ's credibility finding is not error as their reasoning is specific, clear, and convincing and consistent with substantial evidence in the record.

*2. Whether the ALJ properly evaluated the medical opinion evidence of (a) Malcolm Brahms, M.D., and (b) Jay Schmauch, D.O.*

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. For cases filed before March 27, 2017, the Social Security Administration favors the opinion of a treating physician over non-treating

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 10

physicians. 20 C.F.R. § 416.927[1]; *Orn*, 495 F.3d at 631. "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

By rule then the Social Security Administration favors the opinion of a treating physician over non-treating physicians. 20 C.F.R. § 416.927; *Orn*, 495 F.3d at 631. Where contradicted, the ALJ may reject the opinion of a treating physician for specific and legitimate reasons that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When an ALJ fails to provide adequate reasons to reject a treating or examining doctor's

---

[1] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 11

opinion, the opinion may be credited as a matter of law. *Garrison*, 759 F.3d at 1012.

Here, Plaintiff argues that the ALJ improperly evaluated the opinions of Malcolm Brahms, M.D. and Jay Schmauch, D.O. ECF No. 13 at 11-18. The ALJ properly considered and weighed all the medical opinion evidence of record and formulated an RFC finding that is consistent with the credible limitations.

a. Malcolm Brahms, M.D.

Dr. Brahms is a licensed orthopedic surgeon and testified as a medical expert at Plaintiff's administrative hearing. Tr. 36-47. The ALJ gave Dr. Brahms' opinion significant weight because it is consistent with the clinical and objective medical findings in the record. Tr. 18. Plaintiff claims that Dr. Brahms' testimony is contradicted by five other examining physicians. Contradiction is present, but only in one of Dr. Brahms' many observations – that "[t]here was still a slight degree of limited motion, but [Plaintiff's] signs and symptoms were 'markedly improved' starting in August 2012." ECF No. 13 at 11-15. The contradiction here is immaterial to the outcome of the ALJ decision because the ALJ did not reject a treating or examining doctor's opinion.

First, Plaintiff's treatment notes from her own surgeon, Dr. Pontecorvo, support Dr. Brahms' observation that her condition improved in August 2012. Such notes dated June and August 2012 indicate that Plaintiff had some difficulty completing daily activities and problems sleeping, but her "situation [was] stable," as she maintained full range of motion and full muscle strength. Tr. 16, 358-59. Three months later, in November 2012, Dr. Pontecorvo again noted that Plaintiff was improving. Tr. 16, 497. Plaintiff contends that the negative examination findings from Dr. Kopp, Dr. Anderson, Dr. Bowton, Dr. Pontecorvo, and Dr. Trevino negate the findings of Dr. Brahms' opinion. ECF No. 13 at 11-15. Yet, there is no dispute that Plaintiff's left shoulder condition improved and that other negative physical conditions remained after August 2012. Such negative and

**ORDER DENYING PLAINTIFF'S MOTION . . . ~ 12**

positive findings are not mutually exclusive. The ALJ is right to incorporate, and note, that the negative findings do not undermine Dr. Brahms' observation that Plaintiff's condition improved in August 2012.

Second, Plaintiff's argument is immaterial. It is a "settled rule that [courts] will not reverse for errors that are inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). Whether Plaintiff's physical condition improved in August 2012 is not dispositive. The pertinent question is whether Plaintiff has disability, not whether Plaintiff is or is not improving. The ALJ gave significant weight to Dr. Brahms' opinion because it was "consistent with the clinical and objective medical findings in the record" and, therefore, was entitled to significant weight. Tr. 18. The ALJ thoroughly considered all of the medical evidence, including the combination of positive and negative examination findings, and reasonably determined that, on balance, the record evidence did not establish disabling physical limitations.

  b.  Jay Schmauch, D.O.

Dr. Schmauch examined Plaintiff once in April 2012 and prepared a report. Tr. 471-73. Dr. Schmauch noted that Plaintiff complained of helplessness and hopelessness, crying spells, thoughts of past abuse, and panic attacks; he also reported adequate sleep and appetite, and that she enjoyed scrapbooking and visiting with friends. Dr. Schmauch consequently opined that Plaintiff was suffering from major depressive disorder, chronic, recurrent, and an anxiety disorder, otherwise not specified. Tr. 471-76. The ALJ listed several reasons for giving Dr. Schmauch's opinion "little" weight: (1) it was limited in scope and information; (2) it was not informed by a review of Plaintiff's prior mental health records; (3) it did not reveal significant complaints of mental health problems or symptoms; and (4) it did not reveal any limitations related to mental health. Tr. 17. The ALJ was right to consider several factors in evaluating medical opinion

evidence in this case and did not act unreasonably when she gave Dr. Schmauch's opinion little weight.

Plaintiff argues that the ALJ erred by giving more weight to the opinion of Dr. Pontecorvo, her treating surgeon, because Dr. Pontecorvo does not specialize in mental health. Specialization is just one of several factors that ALJs must consider in evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527(c)(1)-(6). ALJs can consider, for example, the length of the treatment relationship. *See* 20 C.F.R. §§ 404.1527(c)(2)(i). In this case, Dr. Pontecorvo had a long-standing relationship with Plaintiff while Dr. Schmauch examined Plaintiff only once.

Additionally, a State agency physician, Andrew Forsyth, Ph.D., reviewed all of the record evidence and concluded there was no evidence to support any significant mental limitations. Tr. 90. He independently noted that Plaintiff did not list any significant mental limitations that affected her daily activities. This observation conforms with the medical record and Plaintiff's own representations. Moreover, Plaintiff did not meet her burden of establishing prejudice from the ALJ's decision. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"). Plaintiff did not identify the specific restrictions or limitations that the ALJ should have included in their RFC finding. Instead, Plaintiff makes a general claim that suggests "moderate" limitations. Such limitations are not significantly probative, as the term "moderate" means "[y]our functioning in this area independently, appropriately, effectively, and on a sustained basis is far." 20 C.F.R. Pt. 404, Subpt. P, App. 1, at 12.00F2c; Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01, 66164 (Sept. 26, 2016) (to be codified 20 C.F.R. pts. 404, 416). Plaintiff has not pointed to any mental limitations from Dr. Schmauch's opinion that the ALJ should have accounted for in the RFC finding, and thus, Plaintiff cannot establish harmful error.

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 14

For the reasons stated above, the ALJ's evaluation of the medical opinion evidence is supported by substantial evidence in the record.

*3. Whether the ALJ properly determined Plaintiff's RFC.*

The ALJ's determination of Plaintiff's RFC and finding that she could perform past work and other work in the national economy are likewise supported by substantial evidence in the record. The ALJ posed the following hypothetical to the vocational expert:

> [A]ssume an individual of the same age, education and work experience as the claimant, having been born in 1957, she falls within the advanced age category, and with a high school diploma, she falls in the high school and above regulatory category. The individual has the following limitations. . . . The first hypothetical, the individual is limited to light work, pushing and pulling with the left upper extremity is limited to occasional.
>
> Overhead reaching with the left upper extremity is limited to occasional. Reaching in all other directions with the left upper extremity is limited to frequent. No ladders, ropes or scaffolds, and avoid concentrated exposure to industrial vibration and to hazards, such as dangerous moving machinery or unprotected heights.

Tr. 35-36. The vocational expert (VE) opined that such a worker could perform Plaintiff's past work of survey worker, manager trainee, accounting clerk; although such a worker could not operate a forklift as required of a manager trainee. Tr. 36.

Next, the ALJ posed the same hypothetical but added the additional limitations, making the manipulative limitations bilateral and stating that such a worker would not be able to maintain their head and neck in either a continuous flexed or extended position. Tr. 36-37. The VE opined that such a worker could only perform Plaintiff's past relevant work of manager trainee. Tr. 37.

Plaintiff contends that the ALJ committed reversible error by not carefully considering Plaintiff's bilateral manipulative limitations. However, the ALJ explicitly requested that the VE consider the limitations that are supported by the record, including Plaintiff's claimed inability to bilaterally grab, hold and turn

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 15

objects. Thus, because the "hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record," the ALJ properly relied on the vocational expert's testimony to find that Plaintiff could perform her past relevant work as a survey worker and manager trainee. Tr. 19-20; *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). Plaintiff has not pointed to any credible evidence that would support greater limitations than the ALJ accounted for. Further, based in part on the opinions of Dr. Pontecarvo, the treating physician, and Dr. Forsyth, the ALJ reasonably concluded that the record evidence documenting Plaintiff's mental health treatment did not reveal any mental limitations. Tr. 17-18, 90, 497.

Moreover, there is nothing in the regulations that requires the ALJ to base a Step Four finding on whether the claimant can perform the specific job that she previously performed. ALJs can decide whether the claimant can perform "the same kind of work as it is customarily performed throughout the economy." Social Security Ruling (SSR) 82-62. "If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. § 404.1520(e); *see also* SSR 82-61 ("a claimant will be found 'not disabled' when it is determined that he or she retains the RFC to perform [t]he actual functional demands and job duties of a particular past relevant job; or [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy.") Here, the vocational expert testified that Plaintiff could perform her past work as a survey worker and a manager trainee. The vocational expert acknowledged that Plaintiff "could not do the forklift portion" of the latter job as she performed it, but could perform the functional demands and job duties of a manager trainee as generally required by employers throughout the national economy. Tr. 67. The ALJ reasonably relied on the testimony of the vocational expert. Tr. 19-20, 67.

After determining Plaintiff could perform her past relevant work at Step Four, the ALJ made an alternative finding that Plaintiff could perform work as a

**ORDER DENYING PLAINTIFF'S MOTION . . .** + 16

hotel desk clerk. Tr. 68. There are 217,000 hotel desk clerk jobs in the national economy. Tr. 68-69. It is inconsequential if the vocational expert found one or many jobs available as long as the number of jobs meets the significant number required. Here, that number is 25,000 national jobs. The 217,000 jobs available more than sufficiently meets this number. The ALJ properly determined that Plaintiff could perform other work in the national economy.

## Conclusion

The ALJ's determination was based upon substantial evidence in the record. The ALJ provided specific, clear, and convincing reasons for not finding all of Plaintiff's self-described symptoms to be fully credible. Likewise, the ALJ's evaluation of medical opinion evidence is consistent with the record as a whole. Accordingly, the ALJ properly determined Plaintiff's RFC and relied on the VE's testimony to find Plaintiff capable of performing past relevant work. In sum, the ALJ's determination was based on substantial evidence and was well within the scope of deference which this Court must accord the ALJ.

//
//
//
//
//
//
//
//
//
//
//
//
//

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.
2. Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.
3. The District Court Executive is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, enter judgment, and close the file.

**DATED** this 13th day of September 2017.



Stanley A. Bastian
United States District Judge